IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALIKA HUDWELL, on her own behalf and on behalf her minor children Z.H.T and N.H.A; and IKEEM ADAMS, on his own behalf and on behalf of his minor child N.H.A., <br><br> *Plaintiffs,* <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> *Defendant.* | No. 2:24-cv-01226-JDW |

### MEMORANDUM

Because it will benefit their children, Malika Hudwell and Ikeem Adams ("Parents") seek approval of a settlement with the United States of America to resolve their claims alleging violations of the Federal Tort Claims Act, 28 U.S.C. § 1346. After review, I will approve the proposed settlement and request for attorneys' fees.

### I.   BACKGROUND

On May 4, 2022, Parents and their children Z.H.T. and N.H.A. awoke to loud banging on the door of their apartment around 5:30 a.m. Before they could open the door, FBI agents broke it down and entered with guns drawn. The agents did not announce who they were or why they entered the apartment, only asking for "Darnell." They pointed their guns at all four occupants, forced Ms. Hudwell and her children outside, and had them stay there while handcuffing Mr. Adams. They asked him if he was Darnell Jones but did

not listen to Parents' insistence that they did not know that person and the agents were at the wrong house. Parents and their children remained outside for an hour in their pajamas as the FBI searched their apartment. The agents left without offering an explanation. Parents claim they and their minor children experienced psychological consequences because of the raid. At the time, Z.H.T. was eight years old and N.H.A. was two months old.

Parents submitted an administrative tort claim to the FBI, which the FBI did not deny by May 28, 2023. On March 22, 2024, they filed this lawsuit, alleging six violations under the FTCA, including false imprisonment, false arrest, assault, battery, intrusion upon seclusion, and intentional inflection of emotional distress, and seeking compensatory damages, attorneys' fees, and costs.

The Parties have reached a settlement in the total amount of $50,000. The Parties propose to allocate $20,000 each to Ms. Hudwell and Mr. Adams and $5,000 to each minor child. Plaintiffs' counsel seeks a 25% contingent fee, totaling $12,500, plus costs of $466.91, with a pro rata deduction from each plaintiff's settlement share. As a result, Ms. Hudwell and Mr. Adams will each receive $14,883.27, and each minor child will receive $3,533.27. Parents have moved for approval of the settlement.

**II.    LEGAL STANDARD**

The Court's Local Rules of Civil Procedure require court approval for any settlement involving a minor. *See* L. R. Civ. P. 41.2(a). In evaluating the proposed settlement, I must

"determine the fairness of [the] settlement agreement and the reasonableness of any attorneys' fees to be paid from the settlement amount …." *Nice v. Centennial Area Sch. Dist.*, 98 F. Supp. 2d 665, 667 (E.D. Pa. 2000). To determine the fairness of a minor's compromise in a federal civil rights action, I look to state law. *See id.* at 669.

The Pennsylvania Rules of Civil Procedure provide that "[n]o action to which a minor is a party shall be compromised, settled[,] or discontinued except after approval by the court pursuant to a petition presented by the guardian of the minor." Pa. R. Civ. P. 2039(a). When a judge approves a minor's compromise, he/she must "make an order approving or disapproving any agreement entered into by the guardian for the payment of counsel fees and other expenses out of the fund created by the compromise[.]" *Id.* at 2039(b).

## III.  ANALYSIS

### A.  Fairness Of Settlement Amount

A petition to approve a minor's settlement must contain sufficient information to allow the judge to protect the best interests of the minor. *See Calvert v. Gen. Acc. Ins. Co.*, No. 99-cv-3599, 2000 WL 124570, at *5 (E.D. Pa. Feb. 2, 2000). The petition should include relevant facts, including "evidence of the need for future medical care and future expenses, description of the minor's physical and mental condition, and evidence of the extent and duration of the injuries." *Id.* In evaluating the value of the lawsuit, the judge should give "considerable weight" to the judgment of both counsel and the parties.

3

*Matter of McLean Contracting*, No. 14-cv-5676, 2017 WL 2618855, at *1 (E.D. Pa. June 16, 2017).

The proposed settlement in this case is reasonable and appropriate to protect the minors' best interests. Z.H.T and N.H.A suffered no physical injuries, and their detention was brief. Also, given her age, N.H.A. was probably not aware of what was happening. In light of the fair value of the lawsuit, the nature of the minors' injuries, and the apparent lack of any necessary past or prospective medical or mental health treatment, I conclude that the settlement provides appropriate value to the children and spares them from the possibility of participating at trial.

### B.     Reasonableness Of Attorneys' Fees

When assessing the reasonableness of counsel fees, "a court 'is not bound to all of the terms of a contingency fee arrangement' involving minors." *Matter of McLean*, 2017 WL 2618855 at *1 (quotation omitted).  Instead, "[t]he analysis begins with the 'lodestar amount' determined by 'the court of common pleas in the county with jurisdiction over the minor[.]'" *Id.* at *2 (same).

As set forth above, the two minors reside in Philadelphia. With respect to a petition to approve a settlement with a minor, the Philadelphia Court of Common Pleas states that "[c]ounsel fees of one-third (1/3) of the net fund recovered may be considered reasonable, subject to the approval of the Court. The net fund is calculated by subtracting the

attorney's reimbursable costs from the gross settlement amount." Philadelphia Cty. L. R. Civ. P. 2039(F).

The Parties agree that pursuant to 28 U.S.C § 2678, attorneys' fees for services rendered to Plaintiff would not exceed 25% of the settlement amount. (Exh. A ¶ 7). That percentage fits well within the Philadelphia County lodestar. The fees are reasonable under the circumstances.

## IV.   CONCLUSION

For the reasons stated above, I will approve the proposed settlement amount and request for attorneys' fees. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
HON. JOSHUA D. WOLSON
United States District Judge

August 26, 2024